# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00244-RJC-DSC

| | |
|---|---|
| PAMELA BENNETT et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA N.A. et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant Bank of America N.A.'s "Motion to Dismiss First Amended Complaint" (document #8), as well as the parties' briefs and exhibits.

The Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for determination.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action arising from the foreclosure of a mortgage on real property located at 8129 Via Luna in Rancho Santa Fe, California. (the "Property"). Plaintiffs allege that Defendant violated a Consent Judgment with the United States Office of the Comptroller as well as an automatic bankruptcy stay by obtaining an order for eviction or unlawful detainer. Plaintiffs'

1

claims have also been the subject of two state court actions in California. Although Plaintiffs did not bring a claim for violation of a bankruptcy stay in state court, they did plead facts supporting such a claim. Plaintiffs' first lawsuit was dismissed by the Superior Court of Los Angeles County. Their second lawsuit was dismissed by the Superior Court of San Diego County. In the second lawsuit, the court entered an order finding Plaintiffs to be "vexatious litigants." They were prohibited from filing any future actions in the California courts without posting a bond, being represented by counsel, or obtaining advance permission from the presiding judge. Both the dismissals and prefiling injunction were affirmed on appeal. See Exhibit G to document #8-1.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

3

Plaintiffs' Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the foreclosure order or the underlying proceedings, the Rooker-Feldman doctrine bars Plaintiffs' action here.

Plaintiffs' claims are also barred by the doctrine of res judicata. Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). Accord Gray v. Federal National Mortgage Association, No. COA18-871, 2019 N.C. App. LEXIS 296 (N.C. Ct. App. Mar. 26, 2019). In California, "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in the earlier action." Cal. Coastal Cmty. v. Super. Ct., 210 Cal. App. 3d 1488, 1498 (1998); see also Tensor Group v. City of Glendale, 14 Cal. App. 4th 154, 160 (1993) (holding that if a claim or issue could have been raised in the original matter, "the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise argued…") While Plaintiffs have not previously brought a claim for violation of a bankruptcy stay, they did plead those underlying facts in the California matters. They could have pled the violation of the bankruptcy stay claim there. Accordingly, that claim as well as the others pled in state court are barred.

4

For those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion to Dismiss be <u>granted</u>.

## III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that all further proceedings in this action including <u>all</u> discovery are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Bank of America N.A.'s "Motion to Dismiss First Amended Complaint" (document #8) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

5

Case 3:20-cv-00244-RJC-DSC   Document 11   Filed 07/29/20   Page 5 of 6

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiffs, counsel for Defendants, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: July 29, 2020

David S. Cayer
United States Magistrate Judge