UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00244-RJC-DSC

| | |
|---|---|
| PAMELA BENNETT and JAMES BENNETT, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     <u>ORDER</u> |
| | ) |
| BANK OF AMERICA, N.A. and DOES 1-15, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, (Doc. No. 8), the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. No. 11), Plaintiffs' Objection, (Doc. No. 12), and related pleadings.

I.     BACKGROUND

This action filed in Charlotte, North Carolina, adds to the "litany of legal proceedings" filed in California courts in which Plaintiffs unsuccessfully raised claims of unlawful conduct in connection with foreclosure on their residence in Rancho Santa Fe, California. (See Doc. No. 8-8: <u>Bennett et al. v. Bank of America, N.A., et al.</u>, No. D072569, slip. op. at 3-13 (Cal. Ct. App. Apr. 18, 2019) (cataloging decisions)). Indeed, California courts found Plaintiffs to be "vexatious litigants" and prohibited them from filing additional actions in California without posting a bond, being represented by counsel, or gaining approval by the presiding judge. (<u>Id.</u>, slip. op. at 17-23).

Here, the First Amended Complaint alleges causes of action for wrongful foreclosure based on a 2011 Consent Order between the Comptroller of the Currency of the United States of America and Bank of America, N.A.; wrongful eviction based on a 2015 decision of the Superior Court of San Diego County Appellate Division; and violation of a bankruptcy stay based on the same decision. (Doc. No. 5: First Amended Complaint at 21-24). Defendants moved to dismiss under Rule 12(b)(6) asserting relief cannot be granted on Plaintiffs' claims because California courts have already ruled on and dismissed the same issues in prior cases, the Consent Order does not create a cause of action, and the statutes of limitation for their claims have passed. (Doc. No. 8-1: Memorandum at 6).

The Magistrate Judge agreed that the Rooker-Feldman doctrine prohibits Plaintiffs from attacking the state court judgments in federal court and the res judicata doctrine bars them from re-litigating issues that were or could have been raised in the earlier actions. (Doc. No. 11: M&R at 4). Accordingly, the Magistrate Judge recommended that this Court grant the Motion to Dismiss. (Id. at 5). Plaintiffs timely filed objections to the M&R, (Doc. No. 12); therefore, this matter is ripe for decision.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or

recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration in original). Additionally, when ruling on a defendant's motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions

3

couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

III. DISCUSSION

Plaintiffs object to the M&R on the basis that the Magistrate Judge applied the Rooker-Feldman and res judicata doctrines in reverse, claiming they were the winning party in the prior cases. (Doc. No. 12: Objection at 5). Thus, the "final judgments" in the United States Comptroller and Sand Diego County Superior Court Appellate Division matters alleged in the Complaint should be given full faith and credit under 28 U.S.C. § 1738. (Id.). Plaintiffs are in error because they misunderstand the legal significance of the judgments on which they rely.

First, the Comptroller Consent Order did not create a private right of action, (Doc. No. 5-1: Order at 27); see also Jurewitz v. Bank of America, N.A., 938 F. Supp. 2d 994, 998 (S.D. Cal. 2013) (dismissing claim of unlawful foreclosure where Consent Judgment did not provide right of action to individual borrower), and Plaintiffs have not shown that it barred Defendants from seeking foreclosure on their property. Second, the decision of the San Diego County Superior Court Appellate Division was an interlocutory order that remanded the case to the trial court for further proceedings. (Doc. No. 5-2: Bank of America, N.A. v. Pamela Bennett and James Bennett, No. 37-2013-00200169-CL-UD-CTL, slip. op. at 2 (Jul. 20, 2015)). The trial court subsequently denied Plaintiffs' motion to restore the property to them and dismissed Bank of America, N.A.'s unlawful detainer action on its request. (Doc. No. 8-8: Bennett et al. v. Bank of America, N.A., et al., No. D072569, slip. op. at 5 (Cal. Ct. App. Apr. 18, 2019)). Accordingly, neither judgment

4

declared Plaintiffs the winner in the wrangling over the property.

On the contrary, the California Court of Appeal detailed the several cases where Plaintiffs' did not prevail on similar claims. For example, the Superior Court of Los Angeles County sustained demurrers without leave to amend as to Plaintiffs' claims of unlawful actions by Bank of America Corporation leading to initiation of foreclosure proceedings. (Id., slip op. at 5-6). The trial court's ruling was affirmed on appeal. (Id.).

A bankruptcy court dismissed without prejudice adversary proceedings in which Pamela Bennett claimed Bank of America, N.A. violated foreclosure laws. (Id., slip op. at 6). The United States Bankruptcy Appellate Panel and the United States Court of Appeals for the Ninth Circuit dismissed her related appeals. (Id., slip op. at 6-7).

In the Superior Court of San Diego County, Plaintiffs asserted fraud, wrongful foreclosure, wrongful eviction, and other claims against Bank of America, N.A. (Id., slip op. at 7-8). That court found Plaintiffs to be vexatious litigants and required them to post security, finding they had no reasonable probability of prevailing since res judicata applied to such claims involving the same parties, matters, and rights that were or could have been litigated in the Los Angeles County action. (Id., slip op. at 13). Alternatively, the court found Plaintiffs' claims were barred by the three-year statute of limitations applicable under California law. (Id.). Ultimately, Plaintiffs did not post the security, and the court dismissed complaint, entering judgment in favor of Bank of America, N.A. (Id.).

On appeal, the California Court of Appeal found substantial evidence to support the trial court's vexatious litigants finding based on the extensive history of Plaintiffs relitigating issues of fact or law against the same defendant, that is, Bank of America, N.A.'s alleged fraudulent scheme to steal the property through violation of forclosure laws, which had been concluded by final determination in Los Angeles County, San Diego County, and United States bankruptcy courts. (Id., slip op. at 19-20). Thus, upon de novo review, this Court finds that the Magistrate Judge correctly concluded that Plaintiffs claims are barred by the Rooker-Feldman and res judicata doctrines.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 11), is **ADOPTED**;

2. Defendants' Motion to Dismiss, (Doc. No. 8), is **GRANTED**; and

3. Plaintiffs' Motion for Summary Judgment, (Doc. No. 13), is **MOOT**.

The Clerk is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge