UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00244-RJC-DSC

| | |
|---|---|
| PAMELA BENNETT and JAMES BENNETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| BANK OF AMERICA, N.A. and DOES 1-15, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** comes before the Court on Plaintiffs' pro se Motion to Vacate pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), (Doc. No. 20), this Court's Order, (Doc. No. 18), dismissing their Complaint; Defendants' Response, (Doc. No. 21); and Plaintiffs' Reply, (Doc. No. 22).

Plaintiffs alleged causes of action for wrongful foreclosure on a property in California. (Doc. No. 5: First Amended Complaint). Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8). The Magistrate Judge recommended that this Court grant the Motion to Dismiss because the Rooker-Feldman doctrine prohibited Plaintiffs from attacking the state court judgments in federal court and the res judicata doctrine barred them from re-litigating issues that were or could have been raised in the earlier actions. (Doc. No. 11: Memorandum and Recommendation (M&R) at 4). Although Plaintiffs timely filed objections to the M&R, (Doc. No. 12), this Court adopted the Magistrate Judge's

recommendation and granted Defendants' Motion to Dismiss. (Doc. No. 18: Order).

In the instant motion, Plaintiffs allege the Magistrate Judge's stay denied their Due Process and Equal Protection rights by restricting them from presenting evidence. (Doc. No. 20 at 5-7). They also claim Defendants committed fraud in a prior state court action. (Id. at 8-12). Finally, they assert this Court erred in finding res judicata barred their claims. (Id. at 12-13).

Rule 60(b) "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (quotation marks omitted). "To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018). Upon review of the entire record in this case, the Court finds that Plaintiffs have not presented meritorious claims against the judgment.

First, the Magistrate Judge properly stayed further proceedings and discovery pending this Court's ruling on the Motion to Dismiss. (Doc. No. 11: Memorandum and Recommendation at 4). Plaintiffs filed an extensive response in opposition to the Motion to Dismiss. (Doc. No. 9). They also filed Objections to the Magistrate Judge's Recommendation, (Doc. No. 12), and their own Motion for Summary Judgment, (Doc. No. 13), each with exhibits. They were fully heard on the issues before the Court and have not shown that the routine resolution of a

motion to dismiss pursuant to Rule 12(b)(6) violated their Due Process and Equal Protection rights.

Second, Plaintiffs have not made a threshold showing that Defendants engaged in fraud in the prior California state court action. Plaintiffs allege that Defendant Bank of America N.A. duped California courts into finding that Deutsche Bank was the true defendant in a case brought by Plaintiffs, but then pretended to this Court that it prevailed in the case.[1] (Doc. No. 20: Motion to Vacate at 15-16). The Court has compared Defendants' descriptions of the parties and outcomes in the California cases with the underlying court documents and finds them accurate. (Doc. No. 8: Motion to Dismiss at 3-4; Doc. Nos. 8-2 through 8-9). Therefore, this issue is without merit.

Finally, Plaintiffs charge the Court with error in finding that res judicata and Rooker-Feldman doctrines barred their claims in the instant case. (Doc. No. 20: Motion to Vacate at 12-13). Their arguments have not convinced the Court to alter or amend the judgment, and a Rule 60(b) motion is not a substitute for an appeal. Aikens, 652 F.3d at 501.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Vacate, (Doc. No. 20), is **DENIED**.

Signed: November 10, 2021

Robert J. Conrad, Jr.
United States District Judge

---

[1] A Complaint was filed in San Diego against "Bank of America, N.A. for the benefit of Deutsche Bank National Trust Company, as the Trustee for Holders of the GSR Mortgage Loan Trust 2007-0A1 and Does 1-100." (Doc. No. 8-5).

3